# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AEROGROUP INTERNATIONAL, INC., et al., | : | BK Case No. 17-11962 KJC |
| | : | |
| Debtors. | : | |
| _____ | : | |
| | : | |
| THE CORPORATE FINANCE, INC., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 19-967-MN |
| | : | Adv. No. 18-50715 KJC |
| AEROGROUP INTERNATIONAL, INC., GBG USA INC., and POLK 33 LENDING, LLC, | : | BAP No. 19-40 |
| | : | |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **17th** day of **June, 2019**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The appellees in this matter are the Debtors, GBG USA Inc. and Polk 33 Lending, LLC. Counsel for GBG USA Inc. informed the other parties that GBG USA Inc. takes no position on and did not join in the letter submission provided.[1]

This appeal involves THL Corporate Finance, the Appellant, challenge to a portion of the final Order Approving Settlement and Distribution of the Proceeds granting Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Approval of Settlement (Rule 9019 Motion) entered on May 13, 2019.. THL claims that in deciding this motion, the Bankruptcy Court erred in its interpretation and application of the Uniform Commercial Code to the proceeds generated by the settlement of the Debtors' claims against GBG USA Inc. and improperly denied Appellant an evidentiary hearing to establish whether such proceeds were identifiable proceeds of Appellant's collateral.

The parties have not engaged in mediation or any other ADR regarding the issues on appeal. They further do not believe such issues are amenable to resolution via mediation.

The parties propose the following briefing schedule for this appeal:

| | |
|---|---|
| Appellant's Opening Brief | 30 days after entry of order withdrawing matter from mediation; |
| Appellee's Answering Brief | 30 days after the filing of Appellant's brief; |
| Appellant's Reply Brief | 21 days thereafter. |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a)

---

[1] Consistent with this Court's Oral Order of May 28, 2019 at D.I. 3, the Joint Submission Regarding Mediation was not docketed.

Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  No objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 are anticipated.

        Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge